## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

**WHITNEY H.,[1]**

     **Plaintiff,**

                            **Civil Action 3:23-cv-039**

    **v.**                      **Judge Walter H. Rice**

                            **Magistrate Judge Elizabeth P. Deavers**

**COMMISSIONER OF**
**SOCIAL SECURITY,**

     **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Whitney H., brings this action under 42 U.S.C. § 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for social security disability insurance benefits ("DIB") and supplemental security income ("SSI").  This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 8), the Commissioner's Memorandum in Opposition (ECF No. 10), Plaintiff's Reply (ECF No. 11), and the administrative record (ECF No. 7).  For the reasons that follow, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner of Social Security's nondisability finding and **REMAND** this case to the Commissioner and The ALJ under Sentence Four of § 405(g).

## I.    BACKGROUND

Plaintiff filed her applications for DIB and SSI on September 14, 2018, alleging that she has been disabled since October 1, 2014, due to depression, anxiety, attention deficit disorder,

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

and bi-polar disorder.  (R. at 1015-23, 1036-41, 1049.)  Plaintiff's applications were denied

initially in November 2018 and upon reconsideration in February 2019.  (R. at 816-873.)

Plaintiff sought a *de novo* hearing before an administrative law judge.  (R. at 889-890.)  On

February 3, 2022, administrative law judge Gregory G. Kenyon (the "ALJ") held a telephone

hearing, at which Plaintiff, who was represented by counsel, appeared and testified.  (R. at 390-

416.)  A vocational expert ("VE") also appeared and testified.  (*Id.*)  On March 1, 2022, the ALJ

issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security

Act.  (R. at 368-389.)  The Appeals Council denied Plaintiff's request for review and adopted the

ALJ's decision as the Commissioner's final decision.  (R. at 1-7.)

## II.    RELEVANT RECORD EVIDENCE

The Undersigned has thoroughly reviewed the transcript, including Plaintiff's medical

record, function and disability reports, and testimony about her conditions and resulting

limitations.  Given the claimed errors raised by Plaintiff, rather than summarizing that

information here, the Undersigned will refer and cite it as necessary in the below discussion.

## III.   ADMINISTRATIVE DECISION

On March 1, 2022, the ALJ issued his decision.  (R. at 368-389.)  The ALJ first found

that Plaintiff meets the insured status requirements of the Social Security Act through March 31,

2022.  (R. at 374.)  At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step
sequential evaluation of the evidence.  *See* 20 C.F.R. § 404.1520(a)(4).  Although a dispositive
finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th
Cir. 2007), if fully considered, the sequential review considers and answers five questions:

  1.    Is the claimant engaged in substantial gainful activity?
  2.    Does the claimant suffer from one or more severe impairments?
  3.    Do the claimant's severe impairments, alone or in combination, meet or equal the

has not engaged in substantially gainful activity since October 1, 2014, the alleged onset date.

(*Id.*)  The ALJ found that Plaintiff has the following severe impairments:  right carpal tunnel syndrome, depression, anxiety, borderline intellectual functioning, attention deficit hyperactivity disorder, and a history of methamphetamine abuse.  (*Id.*)  The ALJ then found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (R. at 378.)

Before proceeding to step four, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, [the ALJ] finds that the [Plaintiff] has the residual functional capacity to perform a full range of work at all exertional levels subject to the following limitations: (1) frequently crawling; (2) never climbing ladders, ropes, or scaffolds; (3) frequent use of the right upper extremity for handling and fingering; (4) performing simple, routine, and repetitive tasks; (5) occasional superficial contact with coworkers and supervisors (superficial contact is defined as able to receive simple instructions, ask simple questions, and receive performance appraisals but as unable to engage in more complex social environments such as persuading other people or resolving interpersonal conflicts); (6) no public contact; (7) no fast-paced work; (8) no strict production quotas; and (9) jobs which involve very little, if any, change in the job duties or the work routine from one day to the next.

(R. at 379.)  Then, at step four of the sequential process, the ALJ determined that Plaintiff has no past relevant work.  (R. at 382.)  Relying on the VE's testimony, the ALJ found that Plaintiff can

---

criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4.    Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5.    Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

perform other jobs that exist in significant numbers in the national economy such as a hospital cleaner or warehouse laborer.  (R. at 382-83.)  The ALJ then concluded that Plaintiff was not disabled under the Social Security Act at any time since October 1, 2014.  (R. at 383.)

## IV.    STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial.  The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision.  *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).  Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'"  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices [Plaintiff] on the merits or deprives [Plaintiff] of a

substantial right.'"  *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

**V.    ANALYSIS**

Plaintiff submits three assignments of error:  (1) that the ALJ did not adequately describe Plaintiff's mental limitations when presenting a hypothetical to the VE; (2) that the ALJ failed to adequately explain the mitigating factors for Plaintiff's treatment noncompliance; and (3) that the ALJ's conclusion that Plaintiff can engage in substantial gainful activity is not supported by substantial evidence.  (ECF No. 8 at PAGEID ## 1786-1797.)  As discussed below, the Undersigned finds Plaintiff's second assignment of error to be well taken.  This finding obviates the need for in-depth analysis of the remaining issues.  Thus, the Undersigned need not, and does not, resolve the alternative bases that Plaintiff asserts support reversal and remand.  Nevertheless, on remand, the ALJ may consider Plaintiff's other arguments if appropriate.

For her second assignment of error, Plaintiff acknowledges that she "has an inconsistent treatment history and has not always complied with treatment plans," but nevertheless argues that "the ALJ failed to fulfill his duty to consider and explain how mitigating factors—including [her] mental impairments—account for these compliance issues."  (ECF No. 8 at PAGEID ## 1788-1791.)  On this point, Plaintiff submits that her "lack of consistent treatment and lack of compliance with treatment were clearly explained in the record as directly resulting from: (1) her mental impairments; (2) negative side-effects of some prescribed medications; and (3) difficulty getting insurance to approve certain prescriptions,"  and argues that the ALJ "committed remand-requiring error by not addressing any of these factors . . . despite citing non-compliance and inconsistent treatment as the primary reasons for disbelieving the extent of [Plaintiff's] limitations."  (*Id.*)

Social Security Ruling 16-3p ("SSR 16-3p") establishes that the ALJ "will not find an individual's symptoms inconsistent with the evidence in the record [because the individual fails to follow prescribed treatment that might improve symptoms] without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints," and identifies numerous reasons that may be considered. SSR 16-3P, 2017 WL 5180304, at *9-10 (Oct. 25, 2017). The Commissioner submits that Plaintiff's argument is flawed because the ALJ did not find Plaintiff's subjective complaints "inconsistent with the evidence in the record on [that] basis," but rather because of the "general treatability of [Plaintiff's] conditions, her documented improvements, normal mental status exam results, and her capabilities in daily life." (ECF No. 10 at PAGEID ## 1805-1806.)

The Undersigned disagrees with the Commissioner, for it is clear that the ALJ found Plaintiff's subjective complaints inconsistent with the record for the reasons stated by Plaintiff:

> After careful consideration of the entire record, the undersigned finds that [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, **the extent of limitation alleged is largely unsubstantiated by convincing objective medical evidence or clinical findings**. **[Plaintiff's] cases at both Darke County Recovery Services and Mahajan Therapeutics were closed after failing to return for services and "minimal engagement," respectively, and there is little evidence she has made a concerted effort at dedicated mental health treatment** since that time. **It is clear, however, that when she maintains a consistent level of therapeutic care and refrains from illicit drug use, that treatment is of benefit.** Medication works "great" to increase focus as well as motivation and energy and improves sleep and stabilizes mood. The claimant does have some concentration deficits, but based on the evidence, she is able to persist and stay on-task for sufficient periods to perform simple, routine, repetitive tasks. She can also relate to others on at least a superficial basis as shown by her current work.

(R. at 381-382 (emphasis added; internal citations omitted).) Contrary to the Commissioner's position, in this explanation, the ALJ specifically cited Plaintiff's treatment noncompliance as the primary evidence that undermined the extent of her alleged limitations. (*Id.*)

6

The Undersigned also agrees with Plaintiff that the ALJ improperly failed to consider whether Plaintiff's treatment noncompliance was due to a "good reason."  (ECF No. 8 at PAGEID # 1789.)  "This failure might have been harmless had the record contained no evidence supporting a plausible reason for non-compliance," but Plaintiff points to multiple plausible reasons.  *Marks v. Colvin*, 201 F. Supp. 3d 870, 882 (S.D. Ohio 2016).  Specifically, Plaintiff notes that the record contains multiple instances in which Plaintiff was confused about her medicine, including when she ran out of pills and did not understand that she needed to return to her doctor for samples, which was "explainable as a direct symptom of her mental impairments." (ECF No. 8 at PAGEID # 1790 (citing R. at 1348, 1357, 1366, 1374, 1389, 1461-1462, 1494, 1641, 1730).)  *See also Marks*, 201 F. Supp. 3d at 882 (finding that running out of medication was a "good reason" for treatment noncompliance).

Plaintiff also reasonably submits that her noncompliance could be explained by her medication's side effects and by the fact that it was difficult for her to get insurance to cover her medications.  (ECF No. 8 at PAGEID # 1790 (citing R. at 1357, 1365).)  SSR 16-3p lists both of these reasons as potential explanations for treatment noncompliance which an ALJ may consider. SSR 16-3P, 2017 WL 5180304, at *10 ("An individual may not agree to take prescription medications because the side effects are less tolerable than the symptoms" and "[a]n individual may not be able to afford treatment and may not have access to free or low-cost medical services"); *Rex v. Kijakazi*, No. 3:20-CV-1663, 2021 WL 4393104, at *16 (N.D. Ohio Aug. 25, 2021), *report and recommendation adopted sub nom. Rex v. Comm'r of Soc. Sec.*, No. 3:20CV1663 JGC, 2021 WL 4391218 (N.D. Ohio Sept. 24, 2021) ("The record reflects [Plaintiff] was sometimes non-compliant with medications for reasons that fall within both of these categories, and the ALJ failed to acknowledge or address these issues in her decision.").

7

But the ALJ did not consider these potential explanations, which constituted error.  *See Gail S. o/b/o Anthony H. v. Comm'r of Soc. Sec. Admin.*, No. 3:17-CV-00419, 2022 WL 2712217, at \*7 (S.D. Ohio July 13, 2022), *report and recommendation adopted sub nom. Gail S. o/b/o Anthony H. v. Kijakazi*, No. 3:17-CV-00419, 2022 WL 4244609 (S.D. Ohio Sept. 15, 2022) ("[A]lthough the ALJ repeatedly cited to SSR 16-3p, he did not comply with that rule because he failed to consider any possible reasons for Plaintiff's failure to comply with treatment or seek treatment consistent with the degree of complaints alleged. \* \* \* The ALJ's heavy reliance on Plaintiff's noncompliance, coupled with the ALJ's failure to evaluate Plaintiff's treatment history pursuant to the applicable legal requirements, is an error of law warranting reversal."); *see also Dooley v. Comm'r of Soc. Sec.*, 656 F. App'x 113, 119 (6th Cir. 2016) ("[B]efore drawing a negative inference from an individual's failure to seek or pursue regular medical treatment, the ALJ must consider any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment.") (internal quotation marks and citation omitted).

The Commissioner believes that "when reading the decision as a whole," it is clear that the ALJ instead devalued Plaintiff's complaints because of "the general treatability of her conditions, her documented improvements, normal mental status exam results, and her capabilities in daily life."  (*Id.* at PAGEID ## 1805-1806.)  While those reasons may ultimately prove to be dispositive, it is improper to make that leap at this juncture, because the ALJ failed to discuss the context of Plaintiff's treatment noncompliance.  *See Rex*, 2021 WL 4393104, at \*16 ("[T]he issue in this case is not that the ALJ reasoned badly, it is that the ALJ's reasoning is unclear. This case requires remand because the Court cannot determine to what extent the ALJ considered [Plaintiff's] mental impairment as a mitigating factor in his medication

8

noncompliance, nor whether she considered the deterrent effects of financial limitations or disabling side effects at all."). Accordingly, Plaintiff's second assignment is well taken, and remand is warranted.

## VI.    CONCLUSION

For these reasons, it is therefore **RECOMMENDED** that the Court **REVERSE the** Commissioner of Social Security's nondisability finding and **REMAND** this case under Sentence Four of § 405(g).

## VII.    PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report an\d Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994

(6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: January 29, 2024**                    */s/ Elizabeth A. Preston Deavers*
                                              **ELIZABETH A. PRESTON DEAVERS**
                                              **UNITED STATES MAGISTRATE JUDGE**