IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WHITNEY H.,[1]   : | | |
|            Plaintiff, | : | Case No. 3:23-CV-00039 |
| vs. | : | JUDGE WALTER H. RICE |
| COMMISSIONER,<br>Social Security Administration, | : | MAGISTRATE JUDGE<br>ELIZABETH A. PRESTON DEAVERS |
|            Defendant. | : | |

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #12) AND
OVERRULING ALL OBJECTIONS THERETO (DOC. #13); DECISION OF
DEFENDANT COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,
THAT PLAINTIFF WHITNEY H. WAS NOT DISABLED, AND THEREFORE
NOT ENTITLED TO BENEFITS, UNDER THE SOCIAL SECURITY ACT IS
REVERSED AND THE MATTER IS REMANDED TO THE COMMISSIONER
PURSUANT TO SENTENCE FOUR OF 42 U. S. C. § 405(g) FOR
FURTHER PROCEEDINGS CONSISTENT WITH THIS ENTRY; JUDGMENT
SHALL ENTER IN FAVOR OF PLAINTIFF AND AGAINST THE
COMMISSIONER; TERMINATION ENTRY

---

On August 21, 2018, Plaintiff, Whitney H., filed an application for Social

Security disability benefits. Doc. #7-2, PageID #397. Following a denial of said

benefits on November 13, 2018, and a denial upon reconsideration on February

---

[1] "The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. " General Order 22-01.

26, 2019, Plaintiff filed an appeal on March 1, 2019. Doc. #7-2, PageID #397. Following a hearing in front of an administrative law judge ("ALJ"), the ALJ issued a Decision on March 1, 2022. Doc. #7-2, PageID # 397–409. Thereafter, Plaintiff filed suit pursuant to 42 U.S.C. § 405(g), in order to review the decision of Defendant, Commissioner of the Social Security Administration ("Commissioner"), denying her disability benefits. Doc. #1.

On January 29, 2024, Magistrate Judge Elizabeth A. Preston Deavers filed a Report and Recommendations, Doc. #12, recommending that (1) the Commissioner's non-disability finding be vacated; and (2) that the case be remanded to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with the Report and Recommendations. Doc. #12, PageID #1829.

The Commissioner has filed objections to the Report and Recommendations, Doc. #13, asserting that the ALJ's "decision as a whole demonstrates that [the] ALJ did not rely on Plaintiff's noncompliance with treatment to discredit her subjective allegations." *Id.*, PageID #1832. Instead, the proper remedy, according to the Commissioner, is for the Court to reject the Magistrate Judge's Report and Recommendation. *Id.*, PageID #1834.

The Court has conducted a thorough review of the Report and Recommendations (Doc. #12), as well as a *de novo* review of the administrative record, including the decision by the ALJ, that Plaintiff Whitney H. is not disabled under the Social Security Act ("Act"), Doc. #7-2, and the applicable law. Based

2

upon the reasoning and citations of authority set forth by the Magistrate Judge in her Report and Recommendations, Doc. #12, the Court ADOPTS same and OVERRULES the Commissioner's Objections, Doc. #13, thereto.

## Discussion

When addressing a party's objections to a Magistrate Judge's Report and Recommendations, the Court must conduct a *de novo* review of those portions to which proper Objections were filed. Fed. R. Civ. P. 72(b)(3). While conducting said review, the Court must determine "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). When determining benefits eligibility, "an ALJ must include a discussion of 'findings and conclusions, and the reasons or basis therefor, [sic] on all the material issues of fact, law, or discretion presented on the record' . . . to facilitate effective and meaningful judicial review." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (quoting 5 U.S.C. § 557(c)(3)(A)); *see also Harris v. Comm'r of Soc. Sec.*, 384 F. Supp. 3d 874, 879–80 (S.D. Ohio 2019) (Rice, J.) (quoting *Reynolds*, 424 F. App'x at 416).

The Commissioner objects to a sentence four remand, arguing that the ALJ's decision, when read in its entirety, shows that the ALJ's reasoning did not rely on Plaintiff's noncompliance with treatment. Doc. #13, PageID #1832. This objection is not well taken. Contrary to the Commissioner's contention, the ALJ specifically

mentioned Plaintiff's treatment noncompliance as a factor discrediting her claims of medically determinable impairments and opined that, if she were to continue that treatment, she would likely see benefits. Doc. #7-2, PageID #407–08.

> After careful consideration of the entire record, the undersigned finds that [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the extent of limitation alleged is largely unsubstantiated by convincing objective medical evidence or clinical findings. [Plaintiff's] cases at both Darke County Recovery Services and Mahajan Therapeutics were closed after failing to return for services and "minimal engagement," respectively, and there is little evidence she has made a concerted effort at dedicated mental health treatment since that time. It is clear, however, that when she maintains a consistent level of therapeutic care and refrains from illicit drug use, that treatment is of benefit. *Id.*

Under Social Security Ruling 16-3p ("SSR 16-3p"), ALJs are not to find "an individual's symptoms inconsistent with the evidence in the record without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints." SSR 16-3p, 2016 SSR LEXIS 4 (Mar. 16, 2016). The ALJ's Decision, Doc. #7-2 at PageID #407–408, clearly demonstrates their belief that Plaintiff's noncompliance with treatment exacerbated their impairments. For this finding to be appropriate and consistent with SSR 16-3p, the ALJ should have considered the extent to which Whitney's failure to fully comply with treatment was justified or whether she had a valid explanation, which the ALJ failed to do.

Plaintiff has posited multiple theories explaining why she was inconsistent with her treatment through no fault of her own. First, Plaintiff points to multiple instances in the record where she was confused about the treatment regimen,

4

including multiple instances where she ran out of pills and did not understand that she needed to return to her doctor for samples. Doc. #8, PageID #1790. This confusion was consistent with her diagnosis of borderline intellectual functioning ("BIF") and attention deficit hyperactivity disorder ("ADHD"). *Id.*; *see also Marks v. Colvin*, 201 F. Supp. 3d 870, 882 (S.D. Ohio 2016).

Additionally, Plaintiff points to two reasons specifically cited in SSR 16-3p as potential explanations for noncompliance: side effects of her medications and the difficulty she faced in trying to get her insurance to cover the medications. *See* Doc. #8, PageID #1790; *see also* SSR 16-3p, 2016 SSR LEXIS 4 (Mar. 16, 2016). The ALJ's failure to "consider any possible reasons" for Plaintiff's noncompliance constitutes error. *See Gail S. o/b/o Anthony H. v. Comm'r of the Soc. Sec. Admin.*, No. 3:17-cv-00419, 2022 U.S. Dist. LEXIS 123817, at *20 (S.D. Ohio July 13, 2022), *report and recommendation adopted sub nom. Gail S. o/b/o Anthony H. v. Kijakazi*, 3:17-cv-00419, 2022 U.S. Dist. LEXIS 167316 (S.D. Ohio Sept. 15, 2022) (Rice, J.); *Dooley v. Comm'r of Soc. Sec.*, 656 F. App'x 113, 119 (6th Cir. 2016).

Accordingly, the Court ADOPTS the Report and Recommendations of the Magistrate Judge, Doc. #12, and OVERRULES Defendant's Objections thereto. Doc. #13. The Commissioner's decision that Plaintiff is not disabled is REVERSED, and the matter is remanded to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with the Report and Recommendations and this Entry.

Judgment shall enter in favor of Plaintiff and against the Commissioner.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton

March 12, 2024

*Walter H. Rice*

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:
Counsel of record